UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS G. MOODY,
Plaintiff

vs

THERESA BELL, et al.,
Defendants

Case No. 1:08-cv-796

Barrett, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

This matter is before the Court on pro se plaintiff Moody's motion for a preliminary injunction, or in the alternative, a temporary restraining order, (Doc. 13), defendants' memorandum in opposition, (Doc. 28), and plaintiff's reply. (Doc. 29). For the reasons set forth below, the motion should be denied.

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brought this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. The Court granted plaintiff's motion to proceed *in forma pauperis* and the complaint was filed on November 20, 2008. (Docs. 3, 5). This Court has construed plaintiff's complaint as stating a claim for relief under the Eighth Amendment, specifically that his diet at SOCF is insufficient to control his Type II diabetes and therefore fails to meet his basic medical needs. Plaintiff alleges that the bread and cereal served at breakfast does not comport with his diabetic diet, and that he has lost weight while incarcerated at SOCF. By the instant motion, plaintiff seeks a court order prohibiting defendants from serving bread and cereal for breakfast to the general prison population at SOCF and requiring that he be placed on a 4000 calorie a day diet, including hand snacks, until he has regained the weight lost since his admission to the facility.

A preliminary injunction is intended to preserve the parties' relative positions until the Court can conduct a trial on the merits. *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir. 1991). In determining whether to grant a preliminary injunction, the Court must consider: (1) whether, absent the injunction, the moving party would suffer irreparable injury; (2) whether the moving party has demonstrated a substantial likelihood of success on the merits; (3) whether the injunction would have a harmful effect on third parties; and (4) whether the public interest would be served by the injunction. *USACO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982).

In order to obtain a preliminary injunction, the harm that would result in the absence of the injunction must be irreparable, not merely substantial. *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Irreparable injury must include more than a determinable monetary loss. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weights heavily against a claim of irreparable harm." *Id.* (citation omitted). A preliminary injunction should be denied where there is "no showing [plaintiff] would suffer injury irreparable and noncompensable by money damages." *Formax, Inc. v. Hostert*, 841 F.2d 388, 391 (Fed. Cir. 1988).

No single factor is determinative in deciding whether a preliminary injunction is warranted. *In re DeLorean*, 755 F.2d 1223, 1229 (6th Cir. 1985). However, the extent to which a party must demonstrate a substantial likelihood of success on the merits varies inversely with the degree of harm the party will suffer absent an injunction. *Roth v. Bank of the Commonwealth*, 583 F.2d 527 (6th Cir. 1978), *cert. dismissed*, 442 U.S. 925 (1979). A failure to demonstrate the existence of irreparable injury, therefore, can be fatal to a motion for preliminary injunction. *See, e.g., Southern*

*Milk Sales, Inc.*, 924 F.2d at 103.

Plaintiff has failed to demonstrate that he is entitled to injunctive relief. He has not demonstrated irreparable injury, nor a likelihood of success on the merits. Diabetes may qualify as a serious medical need. *See Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir.2005) (a diabetic pretrial detainee who was not provided medically-required insulin injections, which resulted in an emergency hospital admission, coupled with a stay of several days, had a "sufficiently serious" medical need). In this case, however, the plaintiff has failed to present any evidence or even factual allegations from which to infer that his weight loss amounts to a sufficiently serious medical need. *See Bellamy v. Bradley*, 729 F.2d 416, 419-20 (6th Cir.1984) (proof that a prison official denied a blind inmate a single meal is insufficient to establish an Eighth Amendment violation). There is no indication that he was experiencing any symptoms with respect to diabetes; that he experienced any adverse events based on the food choices; or that the selection of bread and or cereal for breakfast constitutes a substantial risk of harm to the plaintiff. *Hale v. Burns*, 2007 WL 2021938, at *3 (E.D.Tenn. July 10, 2007).

By contrast, defendants have presented evidence in an affidavit from Defendant Bell that the food selections available constitute nutritious, balanced meals, and that plaintiff has been educated on food choices so that he can manage his diabetes through diet, via food selections. It is well-settled that prisoners have a right to adequate food. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, there is no constitutional right that the food provided must be tasty or even appetizing. The Sixth Circuit has held that while a prisoner is constitutionally entitled to food that is nutritionally adequate for the maintenance of normal health, complaints about "the preparation or quality of prison food" are generally "far removed from Eighth Amendment concerns." *Cunningham v. Jones*, 567 F.2d 653 (6th Cir.1977); *see also Thaddeus -X v. Blatter*,

175 F.3d 378, 404 (6th Cir.1999) (Suhrheinrich, J. concurring in part and dissenting in part) (collecting cases discussing cold food served in prison and observing that "cold food apparently is an ordinary incident in prison life").

In addition, the relief plaintiff seeks by way of his motion, namely an order prohibiting defendants from serving bread and cereal to the general prison population at SOCF, is not related to plaintiff's claims regarding lack of medical care for *his* diabetic condition. Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) (per curiam). Thus, to prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *See id.; see also Omega World Travel. Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint). Plaintiff has failed to demonstrate that the relief sought is related to the injury he has allegedly sustained. *Lebron v. Armstrong*, 289 F.Supp.2d 56, 61 (D. Conn. 2003). For these reasons, the motion should be denied.

IT IS THEREFORE RECOMMENDED THAT plaintiff's motion for preliminary injunction and or temporary restraining order be DENIED.

Date: 6/26/09

Timothy S. Hogan
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

THOMAS G. MOODY,
Plaintiff

Case No. 1:08-cv-796-MRB-TSH

(Barrett, J. ; Hogan, M.J.)

vs

THERESA BELL, et al.,
Defendants

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 6/26/09. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>Thomas G. Moody<br>363-964<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4186 |

PS Form 3811, August 2001 — Domestic Return Receipt — 102595-01-M-2509

1:08cv746 (Docs. 34+35)